# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Elliot G.,**
**Petitioner Below, Petitioner**

**FILED**

August 29, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)    No. 13-1298** (Harrison County 13-C-363)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Elliot G.,[1] appearing *pro se*, appeals the order of the Circuit Court of Harrison County, entered December 4, 2013, that summarily dismissed his third petition for writ of habeas corpus. Respondent warden, by counsel Julie A. Warren, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

It was reported to a tip hotline that petitioner was sexually abusing his stepdaughter, C.S.[2] During the investigation, police and Child Protective Services ("CPS") interviewed C.S. who reported that petitioner had sexually assaulted her the previous day. C.S. was taken to the hospital where a nurse found a "healed hymen laceration" and "anus intact without injury." During the medical evaluation, it was discovered that C.S. was still wearing the same underwear from the previous day. DNA testing showed that petitioner's genetic material was in the crotch area of C.S.'s underwear.

At trial, C.S. testified that the day before she met with police and CPS, petitioner had put his penis in her mouth, "crotch," and "rear end" and that petitioner had asked her if it felt good. C.S. further testified that on a previous occasion, petitioner put his penis in her "crotch" and mouth. Petitioner testified at trial as the only defense witness. Petitioner denied molesting C.S. and offered an explanation for why his genetic material was found on C.S.'s underwear. Petitioner

---

[1] Because of sensitive facts, we protect the identities of those involved. *See State ex rel. W.Va. Dept. of Human Servs. v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2] C.S. was born on August 16, 1992, and the tip was received on April 9, 2004.

1

testified that he masturbated while on a toilet in the family's home and that C.S.'s underwear probably brushed against some of his genetic material at a later time when she was using the toilet.

Following trial, petitioner was convicted of four counts of first degree sexual assault and two counts of sexual abuse by a parent, guardian, or custodian. After a presentence investigation, he was sentenced to a total of 60 to 140 years in prison. Petitioner appealed, but his appeal was refused by this Court on October 6, 2005.

Petitioner filed his first petition for a writ of habeas corpus in 2006. The circuit court provided petitioner with counsel, and an omnibus hearing was held on June 12, 2006. At the hearing, the circuit court questioned petitioner about the *Losh* [3]checklist he filed and confirmed that petitioner understood that he was waiving all grounds he was not raising. Petitioner chose to raise the following grounds: (1) denial of counsel; (2) ineffective assistance of counsel; (3) consecutive sentences for the same transaction; (4) suppression of helpful evidence; (5) double jeopardy; (6) refusal to subpoena witnesses; (7) constitutional errors in evidentiary rulings; (8) erroneous jury instructions; (9) prejudicial statements by the prosecution; (10) insufficiency of the evidence; and (11) a severer sentence than expected. In support of his petition, petitioner offered his own testimony and the testimony of his trial counsel. On March 8, 2007, the circuit court denied relief.

In January of 2009, petitioner filed a second habeas petition in which he raised, *inter alia*, the ineffective assistance of counsel in the prior habeas proceeding. The circuit court again appointed counsel for petitioner and afforded him another hearing on September 9, 2009. At the beginning of the hearing, respondent warden moved for summary judgment on all grounds previously adjudicated and/or waived. After the circuit court granted the motion, the only claim remaining was the ineffective assistance of first habeas counsel who testified at the September 9, 2009, hearing. Subsequently, the circuit court denied the second petition on April 15, 2010. Petitioner appealed the circuit court's second denial of habeas relief, but this Court refused his appeal on October 20, 2010.

On August 21, 2013, petitioner filed the instant habeas petition alleging the following grounds: (1) ineffective assistance of second habeas counsel; (2) ineffective assistance of first habeas counsel; (3) ineffective assistance of trial counsel; (4) failure by the prosecution to provide timely discovery; (5) impermissible delay in the circuit court's ruling on C.S.'s competency to testify; (6) a flawed indictment due to the fact that the grand jury only heard the prosecution's side of the case; and (7) denial of a fair trial because of cumulative error. Respondent warden responded to the petition and asked the circuit court to summarily dismiss it because all grounds had been previously adjudicated and/or waived. Petitioner filed a reply to respondent warden's response. On December 4, 2013, the circuit court summarily dismissed petitioner's third petition, finding as follows:

---

[3] *See Losh v. McKenzie*, 166 W.Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981).

Having reviewed the Motion for Successive Petition and Third Petition, reviewed the court file for Civil Action Number 06-C-14-1, reviewed the court file for Civil Action Number 09-C-11-1, and reviewed the applicable case law, the Court concludes that the Petitioner is not entitled to a third writ of habeas corpus because all contentions in fact or law relied upon in the Third Petition for post-conviction habeas corpus relief have been finally adjudicated or waived in Civil Action Numbers 06-C-14-1 and 09-C-11-1. Furthermore, the documentary evidence filed in Civil Action Number 09-C-11-1 shows to the Court's satisfaction that the Petitioner is not entitled to relief upon his claim of ineffective assistance of second habeas counsel.

Petitioner now appeals the circuit court's December 4, 2013, order summarily dismissing the instant petition. We review a circuit court's order that summarily dismisses a habeas petition under the following standard:

In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006). In addition, in Syllabus Point 2 of *Losh*, this Court held as follows:

A judgment denying relief in post-conviction habeas corpus is *res judicata* on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared *pro se* having knowingly and intelligently waived his right to counsel.

166 W.Va. at 762, 277 S.E.2d at 608.

On appeal, petitioner argues that the circuit court should have appointed him habeas counsel and given him a hearing for a third time. Respondent warden counters that while a petitioner is entitled to due process of law, "he is not entitled to appeal upon appeal, attack upon attack, and *habeas corpus* upon *habeas corpus*." *Call v. McKenzie*, 159 W.Va. 191, 194, 220 S.E.2d 665, 669 (1975). In his reply, petitioner criticizes respondent warden's reliance on *Call*. However, this Court has made similar statements more recently. For example, in *White v. Haines*, 215 W.Va. 698, 705 n. 9, 601 S.E.2d 18, 25 n. 9, *cert. denied,* 543 U.S. 938 (2004), this Court affirmed the circuit court's denial of a second habeas petition, determining that the petitioner there was not entitled to "another bite at the apple."

We find that the same logic applies to the instant case. The only claim that is possibly not barred by the doctrine of *res judicata* is petitioner's contention that second habeas counsel was

ineffective.[4] The circuit court stated that from a review of the record from the second habeas proceeding, it was satisfied that petitioner could not show that counsel was ineffective. However, even assuming, arguendo, that counsel's performance was deficient in some way, this Court finds that petitioner could not then meet the prejudice prong of the applicable standard.[5] Petitioner's genetic material was found on his stepdaughter's underwear, and his explanation as to how that material could have gotten on her underwear if he did not sexually assault her is less than convincing. Therefore, this Court determines that the result of the second habeas proceeding would not have been any different regardless of counsel's performance. Accordingly, the Court concludes that the circuit court did not abuse its discretion in denying petitioner's third petition for a writ of habeas corpus.

For the foregoing reasons, we affirm.

---

[4] In Syllabus Point 4 of *Losh*, this Court held as follows:

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

166 W.Va. at 762-763, 277 S.E.2d at 608.

Petitioner also mentions, in passing, "newly discovered evidence" and a purported favorable change in the law. These claims can be quickly refuted. First, petitioner asserts that a newly discovered medical report shows that it was another individual who sexually abused C.S. However, in his third petition, petitioner alleged that trial counsel "simply didn't know what to do with" a medical record that showed a different person sexually abusing C.S. (Petitioner also made a similar argument in his direct appeal.) If the report or record was available at trial, it fails to meet the definition of "newly discovered evidence." *See* Syl., *State v. Frazier*, 162 W.Va. 935, 253 S.E.2d 534 (1979). Second, petitioner alleges that *Crawford v. Washington*, 541 U.S. 36 (2004), has changed the way grand juries are to be conducted. However, in *Crawford*, the Supreme Court reinvigorated an accused's constitutional right to confront witnesses *at trial* (not the grand jury stage). Accordingly, *Crawford* does not stand for the change in the law that petitioner believes it does.

[5] In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668 (1984), which requires the following: (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See* Syl. Pt. 5, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995) (adopting *Strickland* ).

Affirmed.

**ISSUED:**   August 29, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II